UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAEHEUM TRADING, INC., <br><br> Plaintiff, <br> v. <br><br> DAVE HENDERSON, and DOES 1 through 5, inclusive, <br><br> Defendants. | Civil No. 13cv0051 AJB (DHB) <br><br> ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

Plaintiff Taeheum Trading, Inc. ("Plaintiff") initiated this action by filing a limited civil case in San Diego County Superior Court on December 13, 2012. (Doc. No. 1, Ex. 4.) The Complaint alleged a single cause of action for unlawful detainer and requested damages not to exceed $10,000. (*Id.*) Defendant Dave Henderson ("Defendant") thereafter filed a notice of removal to this Court on January 7, 2013. (Doc. No. 1.) The Notice of Removal asserted removal was proper based on the bankruptcy status of Plaintiff, and that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction).

However, after a review of the Complaint and Notice of Removal, the Court finds it may lack subject matter lack jurisdiction over the instant action. Although Defendant contends the Court has subject matter jurisdiction based on diversity of citizenship and/or

federal question jurisdiction, the Complaint states that Plaintiff is a California corporation, (Compl. 2), and the Notice of Removal states that Defendant is a citizen of California, (Removal ¶ 5). Therefore, it appears the parties are not completely diverse. Moreover, the Complaint alleges a single cause of action for unlawful detainer, which does not arise under federal law, and requests no more than $10,000 in damages, far less than the $75,000 jurisdictional requirement. Finally, even though Defendant contends that the Court has jurisdiction based on Plaintiff's bankruptcy status pursuant to 28 U.S.C. § 1452(a), which governs removal of claims relating to bankruptcy, Section 1452(a) requires a district court to first have jurisdiction over the action pursuant to § 1334.[1]

Accordingly, the Court hereby orders Defendant to show cause, in writing, as to why the Court should retain jurisdiction over the matter no later than **September 3. 2013.** Plaintiff may file a response no later than **September 10, 2013.** All documents filed in opposition or reply must not exceed ten (10) pages in length. The motion hearing on the order to show cause is hereby set for **September 20, 2013** at 2:00pm.

IT IS SO ORDERED.

DATED: August 20, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[1] Section 1334(b) confers upon district courts original but not exclusive jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. *See* 28 U.S.C. § 1334(b). Proceedings "arising under" Title 11 are those proceedings involving a cause of action created or determined by a statutory provision of Title 11. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).